UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
KATHLEEN HYE and TARIQ MAYERS,                CIVIL ACTION NO.

                 Plaintiffs,

                                                         **COMPLAINT**

   -against-

CITY OF NEW YORK, P.O. JOHN DOE #1,            **JURY TRIAL DEMANDED**
P.O. JOHN DOE #2 and P.O. JOHN DOE #3,

                 Defendants.
-----------------------------------------------------------------X

      Plaintiffs, by their attorneys, the Law Offices of Michael Dreishpoon, complaining of the Defendants, respectfully show to this Court and allege:

## THE PARTIES

1.    On the date of the incident, plaintiff, KATHLEEN HYE, was a resident of the State of New York, Queens County.

2.    On the date of the incident, plaintiff, TARIQ MAYERS, was a resident of the State of New York, Queens County.

3.    At all times relevant and material herein, defendant, CITY OF NEW YORK, was and still is a domestic municipal corporation duly organized and existing under, and by virtue of, the laws of the State of New York.

4.    At all times relevant and material herein, defendants, P.O. JOHN DOE #1, P.O. JOHN DOE #2 and P.O. JOHN DOE #3 (hereinafter referred to as "P.O. JOHN DOES") were employees of the New York City Police Department (hereinafter referred to as "the NYPD").

## JURISDICTION AND VENUE

5. This court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343 in that it alleges a claim for relief arising under 42 U.S.C. § 1983.

6. Additionally, this court has supplemental jurisdiction of the state and common law claims asserted herein pursuant to 28 U.S.C. § 1367 because such claims form part of the same case or controversy over which this court has original subject matter jurisdiction.

7. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district or, in the alternative, defendant, CITY OF NEW YORK, is subject to personal jurisdiction in this district.

## ALLEGATIONS PERTAINING TO ALL OF PLAINTIFFS' CLAIMS

8. At all times relevant and material herein, defendant, CITY OF NEW YORK, maintained, managed, supervised and controlled the NYPD as part of, and in conjunction with, its municipal functions.

9. At all times relevant and material herein, defendants, P.O. JOHN DOES #1-3, were employees of the NYPD.

10. At all times hereinafter mentioned, and upon information and belief, defendant, CITY OF NEW YORK, employed and supervised P.O. JOHN DOES #1-3.

11. Upon information and belief, P.O. JOHN DOES #1-3 were graduates of the NYPD's Police Academy.

12. At all times relevant hereto, defendant, CITY OF NEW YORK, had the duty to competently and sufficiently train, within the Police Academy and at the command, precinct and patrol levels, P.O. JOHN DOES #1-3, and to conform their conduct to a standard for the protection

of individuals, such as Plaintiffs, against the unreasonable risk of harm by conducting themselves in such a manner so as to not intentionally, wantonly and/or negligently injure citizens such as Plaintiffs.

13. In addition, at all times relevant hereto, defendant, CITY OF NEW YORK, had the duty to competently and sufficiently train, within the Police Academy and at the command, precinct and patrol levels, P.O. JOHN DOES #1-3 in the protection of the rights of Plaintiffs under the Constitution of the United States of America.

14. Upon information and belief, and at all times hereinafter mentioned, P.O. JOHN DOES #1-3 were acting in their capacity as employees, agents and/or servants of defendant, CITY OF NEW YORK.

15. At all times hereinafter mentioned, P.O. JOHN DOES #1-3 were acting under the color of state law.

16. At all times herein mentioned, Defendants' acts constituted "state action."

17. Upon information and belief, on Tuesday, May 5, 2020, at approximately 8:00 A.M., Plaintiffs were walking on the sidewalk on the north side of 109th Ave. in Jamaica, NY.

18. This section of the sidewalk runs along the south side of the apartment building located at 108-41 159th St., Jamaica, NY 11433.

19. On that day, Plaintiffs resided in Apartment 4D in that building.

20. A police vehicle stopped a few yards away, and the officer behind the wheel asked the Plaintiffs what was going on.

21. Plaintiff, TARIQ MAYERS, told the officer that his buddy had an accident the night before while driving his mom's vehicle.

22. Plaintiff, TARIQ MAYERS, then pointed to the vehicle, which was parked in the building's outdoor parking lot.

23. The officer then drove away.

24. Plaintiffs walked into the parking lot.

25. Soon thereafter, numerous NYPD vehicles arrived at the scene and many NYPD officers in plain clothes and in uniform came storming out.

26. Some of the officers had their guns drawn.

27. Some of the officers instructed Plaintiffs to put their hands up and get on the ground.

28. Plaintiff, TARIQ MAYERS, laid face down on the pavement with his arms outstretched in front of him.

29. Plaintiff, KATHLEEN HYE, put her hands up and asked, "What's going on?"

30. P.O. JOHN DOE # 1 and P.O. JOHN DOE #2 threw KATHLEEN HYE against a nearby gate.

31. KATHLEEN HYE informed the officers that she has asthma and that she was having trouble breathing.

32. P.O. JOHN DOE #1 dragged KATHLEEN HYE to the ground on her stomach.

33. P.O. JOHN DOE #1 and P.O. JOHN DOE #2 hand-cuffed KATHLEEN HYE and placed her under arrest (Arrest # Q20611901).

34. KATHLEEN HYE's right knee was bleeding and her right wrist was scratched.

35. P.O. JOHN DOE #3 stepped on TARIQ MAYERS' right hand, then pulled TARIQ MAYERS' right arm behind his back.

36. One of the officers then kicked TARIQ MAYERS in the head.

37. One of the officers then hand-cuffed TARIQ MAYERS, placed him under arrest (Arrest # Q20611906) and stood him up.

38. TARIQ MAYERS' right ring finger was bleeding.

39. Plaintiffs were transported to the 103rd Precinct.

40. A short while later, plaintiff, TARIQ MAYERS, was taken to Queens Hospital Center.

41. At some point in time after her arrest, plaintiff, KATHLEEN HYE, was taken to Queens Hospital Center.

42. Plaintiff, TARIQ MAYERS, was diagnosed with a laceration to the volar surface of his right fourth digit, as well as tenderness to his chest and lower back.

43. Plaintiff, KATHLEEN HYE, was diagnosed with soft-tissue injuries to her right wrist and right knee.

44. After being discharged, Plaintiffs were taken back to the precinct and were eventually taken to Central Booking.

45. At approximately 11:30 P.M., Plaintiffs received letters from A.D.A. Barry Pinto of the Queens County District Attorney's Office stating that their cases were dismissed.

46. Plaintiffs sustained a loss of liberty of approximately 15.5 hours.

47. The above mentioned actions of P.O. JOHN DOES #1-3 were done without probable cause, just cause, reasonable grounds or provocation.

48. The above-mentioned actions of P.O. JOHN DOES #1-3 placed Plaintiffs in imminent fear of unlawful touching.

49. In addition, P.O. JOHN DOES #1-3 actually touched Plaintiffs in a hostile, aggressive, excessive, unlawful and offensive manner without Plaintiffs' consent and with the intention of harmful or offensive bodily contact.

50. As a result of these injuries, Plaintiffs suffered, and will continue to suffer, continuous pain, suffering and anguish.

51. By reason of the foregoing acts by Defendants, Plaintiffs were caused emotional anguish, distress and embarrassment, and upon information and belief, will continue to suffer same.

## ALLEGATIONS PERTAINING TO
## PLAINTIFFS' CLAIMS UNDER STATE LAW

52. On July 15, 2020, each Plaintiff served a Notice of Claim on the City of New York.

53. On September 25, 2020, a hearing was held pursuant to New York State's General Municipal Law § 50-h.

54. More than thirty (30) days have elapsed since the claims upon which this action is based were presented to defendant, CITY OF NEW YORK, and said defendant has neglected and/or refused to make payment or adjustment thereof.

## FIRST CLAIM FOR RELIEF
## (COMMON LAW NEGLIGENCE)

55. Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

56. Defendant, CITY OF NEW YORK, was negligent in its operation, management, supervision and control of its department, as well as in the training and conduct of P.O. JOHN DOES #1-3, as well as the other officers involved.

57. As a result of the above-mentioned negligence, NYPD officers, some of whom were P.O. JOHN DOES #1-3, arrested and assaulted Plaintiffs.

58. As a result thereof, Plaintiffs are entitled to judgment in the amount of $1,000,000.00.

## SECOND CLAIM FOR RELIEF (FALSE ARREST) PURSUANT TO 42 U.S.C. § 1983)

59. Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

60. On May 5, 2020, in the County of Queens, City and State of New York, Defendants, their agents, servants and/or employees wrongfully and falsely arrested, imprisoned and detained Plaintiffs without any right or grounds therefore, without any warrant or other legal process, without authority of the law, and without any reasonable cause or belief that Plaintiffs were guilty of any crimes.

61. Defendants, and/or their agents, servants and/or employees, wrongfully, unlawfully, and without probable or reasonable cause, violently handcuffed, arrested and imprisoned Plaintiffs.

62. In addition, with full force of arms, Defendants laid hold of and compelled Plaintiffs to go with P.O. JOHN DOES #1-3, and be detained and imprisoned at the 103rd Precinct, Queens Hospital Center and Central Booking, all of which are located in the County of Queens, City and State of New York, for approximately 15.5 hours until released at around 11:30 P.M.

63. Plaintiffs were wholly innocent of any criminal charges; nevertheless, they were forced by Defendants to submit to the aforesaid arrest and imprisonment entirely against their will.

64. Defendants, their agents, servants and/or employees, as set forth above, on or about the above date, time and place, intended to confine Plaintiffs. In addition, Plaintiffs were conscious of the confinement, did not consent to the confinement, and the confinement was not otherwise privileged.

65. By reason of the false arrest and detention of Plaintiffs, Plaintiffs were subjected to great indignities, humiliation and ridicule.

66. As a result thereof, Plaintiffs are entitled to judgment in the amount of $1,000,000.00.

### THIRD CLAIM FOR RELIEF
### (COMMON LAW FALSE ARREST)

67. Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs with the same force and effect as if more fully and at length set forth herein.

68. On May 5, 2020, in the County of Queens, City and State of New York, Defendants, their agents, servants and/or employees wrongfully and falsely arrested, imprisoned and detained Plaintiffs without any right or grounds therefore, without any warrant or other legal process, without authority of the law, and without any reasonable cause or belief that Plaintiffs were guilty of any crimes.

69. Defendants, and/or their agents, servants and/or employees, wrongfully, unlawfully, and without probable or reasonable cause, violently handcuffed, arrested and imprisoned Plaintiffs.

70. In addition, with full force of arms, Defendants laid hold of and compelled Plaintiffs to go with P.O. JOHN DOES #1-3, and be detained and imprisoned at the 103rd Precinct, Queens Hospital Center and Central Booking, all of which are located in the County of Queens, City and State of New York, for approximately 15.5 hours until released at around 11:30 P.M.

71. Plaintiffs were wholly innocent of any criminal charges; nevertheless, they were forced by Defendants to submit to the aforesaid arrest and imprisonment entirely against their will.

72. Defendants, their agents, servants and/or employees, as set forth above, on or about the above date, time and place, intended to confine Plaintiffs. In addition, Plaintiffs were conscious of the confinement, did not consent to the confinement, and the confinement was not otherwise privileged.

73. By reason of the false arrest and detention of Plaintiffs, Plaintiffs were subjected to great indignities, humiliation and ridicule.

74. As a result thereof, Plaintiffs are entitled to judgment in the amount to be determined at a trial of this action, but believed to be in excess of the jurisdictional limits of all lower courts, plus punitive damages, plus costs, attorney's fees and such other relief as this court may deem just and proper.

## FOURTH CLAIM FOR RELIEF (ASSAULT AND BATTERY)
## (PURSUANT TO 42 U.S.C. § 1983)

75. Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs with the same force and effect as if more fully and at length set forth herein.

76. The conduct of P.O. JOHN DOES #1-3 constituted assault and battery of Plaintiffs, was excessive, unwarranted, unnecessary and violent, and violated Plaintiffs' rights under the Constitution of the United States and the Constitution of the State of New York.

77. As a result thereof, Plaintiffs are entitled to judgment in the amount of $1,000,000.00.

## FIFTH CLAIM FOR RELIEF
## (COMMON LAW ASSAULT)

78. Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

79. Defendants are liable for the above-mentioned assault on Plaintiffs.

80. As a result thereof, Plaintiffs are entitled to judgment in the amount of $1,000,000.00.

## SIXTH CLAIM FOR RELIEF
## (COMMON LAW BATTERY)

81. Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

82. Defendants are liable for the above-mentioned battery on Plaintiffs.

83. As a result thereof, Plaintiffs are entitled to judgment in the amount of $1,000,000.00.

**WHEREFORE**, Plaintiffs demand judgment against Defendants as follows:

On each claim for relief, judgment in the amount of $1,000,000.00, and Plaintiffs demand an additional sum of punitive damages against each defendant to be determined at the trial of this action; and in the event Plaintiffs are prevailing parties, attorney's fees, interest, costs, and such other relief as this Court shall deem just and proper.

Dated: December 11, 2020

Yours, etc.,
**Law Offices of Michael Dreishpoon**

By: Michael Dreishpoon, Esq.
Attorneys for Plaintiffs
KATHLEEN HYE and TARIQ MAYERS
118-35 Queens Blvd., Ste. 1500
Forest Hills, NY 11375
718-793-5555
md@dreishpoon.com

## CERTIFICATION

Pursuant to 29 CFR 220.32, the undersigned, an attorney admitted to practice in the courts of the Eastern District of New York, certifies that upon information and belief and reasonable inquiry, the contentions contained in the annexed documents are not frivolous, are well grounded in fact and are warranted by existing law.

Dated: December 11, 2020

Yours, etc.,
**Law Offices of Michael Dreishpoon**

_____
By: Michael Dreishpoon, Esq.
Attorneys for Plaintiffs
KATHLEEN HYE and TARIQ MAYERS
118-35 Queens Blvd., Ste. 1500
Forest Hills, NY 11375
718-793-5555
md@dreishpoon.com